It is a mistake to say that letters testamentary are not taken out in this State and Virginia. They are often taken out when suits are to be commenced out of the State or county where the testator resided. The plaintiff's executorship is to be proven by testimony produced by himself, and the letters themselves must be produced, the issuing of them being the final act that makes him a complete legal executor. Until they issue, his executorship is inchoate and imperfect, and in embryo only, liable, notwithstanding the intermediate acts, to be questioned and all further progress stopped. If the executor could prove the letters to be lost, then, perhaps, he might be admitted to a proof *Page 116 
of the executorship by a probate or copy, or if the executorship were to be proven by a third person then, perhaps, such proof might be allowable, or, under some circumstances, even proof less satisfactory. And this reconciles the cases cited from Buller, 245, 246, and is proven to be the true doctrine by the passage in the same book, 108, where he cites 1 Liv., 25; Cro. Eliz., 13, and the case of Lewis and Brag, Mich., 16; Geo. II. Therefore, the proof offered in the present case is not sufficient, and she must produce the letters, unless she can prove them lost or destroyed by accident.
Mr. Williams then saying he could not make such proof, the Court recommended the withdrawing a juror; and a juror was withdrawn by consent.
See Berry v. Pulliam, ante, 16.
Cited: Leake v. Gilchrist, 13 N.C. 84.